UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| HERITAGE BANK OF NEVADA,<br><br>　　Plaintiff,<br><br>　　v.<br><br>OWEN O'NEIL, SAUNDRA O'NEIL, individually and as Trustees of the OWEN & SAUNDRA O'NEIL 1998 TRUST, and DOES 1-10, inclusive,<br><br>　　Defendants. | 3:14-CV-00681-LRH-WGC<br><br>ORDER |

    Before the court is Plaintiff Heritage Bank's ("Heritage") motion for leave to file an amended complaint. ECF No. 60.[1] Defendants Owen and Saundra O'Neil ("the O'Neils") filed a response (ECF No. 71), to which Heritage replied (ECF No. 73). Heritage also filed a motion for attorney's fees (ECF No. 63) and a motion for entry of final judgment (ECF No. 65).[2] The O'Neils filed a joint response to both motions (ECF No. 72) and Heritage replied (ECF No. 74). Also before the court is Heritage's motion for certification of an issue of law. ECF No. 69. The O'Neils filed a response (ECF No. 75), to which Heritage replied (ECF No. 76).

---

[1] This citation refers to the court's docket number.

[2] Heritage originally filed both motions as one document: ECF No. 63. Pursuant to the court's instruction, Heritage refiled its motion for entry of final judgment as a separate document: ECF No. 65. See Local Rule IC 2-2(b) (formerly addressed by Special Order 109, ¶ III(F)(4)).

I.  **Facts and procedural background**

This case originated as a dispute regarding the enforceability of a reciprocal easement agreement that purported to create an easement that burdened adjacent parcels of land owned by Heritage and the O'Neils. The court granted partial summary judgment in favor of Heritage, finding that the easement was void when created. ECF No. 42. However, the O'Neils argued—and Heritage eventually conceded—that an *implied* easement burdened Heritage's parcel. Trial is set for September 13, 2016 in order to resolve disputed questions of material fact regarding the extent of this implied easement.

Heritage owns a Heritage Bank branch location on Keystone Avenue in Reno, Nevada. The O'Neils own a parcel of land at 690 Keystone Avenue, immediately adjacent to the Heritage Bank, which is leased to a drive-thru Starbucks location. In 2005, the Reno Planning Commission conducted a parking study that found that, in order to obtain a Special Use Permit, the Starbucks at 690 Keystone needed a total of sixteen parking spaces. The Starbucks location only had seven parking spaces, whereas the Heritage Bank had thirty spaces, including eight on the western edge of the Heritage property immediately adjacent to 690 Keystone. As a result, the Banks Hinckley Partnership ("BHP"), which purchased the Starbucks lot prior to the O'Neils, entered into a reciprocal easement agreement with Heritage, creating an express easement for the use of parking spaces, access, and drainage on the Heritage property.

The express easement was recorded on March 28, 2006, at which point Heritage was the legal owner of both properties. A deed transferring the 690 Keystone property to BHP was recorded on April 20, 2006. The O'Neils acquired 690 Keystone from BHP on June 5, 2014, and the O'Neils transferred the property to the Owen and Saundra O'Neil 1998 Trust on October 27, 2014. Although Heritage was originally comfortable with the Starbucks customers' use of Heritage's parking spots, Heritage claims that this use became overly burdensome in 2014. While addressing the O'Neils' use of its parking spots, Heritage learned that the express easement was recorded when Heritage owned both parcels, leading Heritage to correctly assert that this easement was void at creation.

Heritage filed suit against the O'Neils in state court, requesting declaratory relief, rescission, and quiet title. ECF No. 1. The O'Neils then removed the action to federal court and filed an answer and a counterclaim for injunctive and declaratory relief based, in part, on an implied-easement theory. ECF No. 11. Heritage moved for partial summary judgment on its claims for declaratory relief and quiet title, arguing that the express easement was void as a matter of law due to Heritage's ownership of both parcels when the express easement was recorded.[3] ECF No. 16 at 4. Heritage, in its reply to the O'Neils' opposition to its motion, conceded that an implied easement exists, granting the O'Neils the right to use nine parking spaces on its lot—but not the use of the entire parking lot. ECF No. 30 at 11. The court granted Heritage's motion for summary judgment in part as to its declaratory-relief claim, finding that the express easement was void at creation.[4] ECF No. 42. Due to disputed questions of material fact regarding the implied easement, the court denied the motion in part as to Heritage's quiet-title claim. *Id.* at 9.

Over six months after the court issued its order, Heritage filed its present motions.

## II. Discussion

### A. Heritage's motion for leave to amend its complaint

Heritage first moves to amend its complaint under Federal Rule of Civil Procedure 15(a) in order to withdraw its remaining claims for rescission and quiet title. ECF No. 60 at 3. However, as the O'Neils correctly assert, the court's scheduling order for this case set an April 20, 2015 deadline for amending pleadings (ECF No. 19 at 3), and Heritage moved to amend on February 19, 2016, nearly ten months late (ECF No. 60). In turn, the untimely motion must satisfy "the *more stringent* 'good cause' showing required under Rule 16" rather than "the liberal

---

[3] Heritage did not move for summary judgment on its claim for rescission or the O'Neils' counterclaim for the implied easement.

[4] The O'Neils also moved for partial summary judgment, arguing that the express easement was valid. ECF No. 33. After reviewing the O'Neils' arguments and evidence, the court denied their motion for the same reasons it partially granted Heritage's motion. ECF No. 42 at 9.

amendment procedures afforded by Rule 15 . . . ." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 952 (9th Cir. 2006) (emphasis in original).

Under Rule 16, a party must show "good cause" to amend its pleading. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–09 (9th Cir. 1992)). "Unlike Rule 15(a)'s liberal amendment policy[,] which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. Carelessness is incompatible with a finding of diligence and offers no reason to grant relief. *Id.* Although the focus of the inquiry is upon the party's reason for seeking the amendment, the existence or degree of prejudice to the opposing party might supply additional reasons to deny a motion to amend. *Id.* However, the inquiry ends if the moving party was not diligent. *Id.*

If the moving party can show good cause under Rule 16(a), the court must then consider whether amendment is proper under Rule 15. *See Johnson*, 975 F.2d at 608; *see also Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). FRCP 15(a) provides that a trial court shall grant leave to amend freely "when justice so requires." The Ninth Circuit frequently considers five factors in determining the propriety of a motion to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (citing *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)).

Here, Heritage asserts that the court's earlier order, which declared the express easement void at creation, supplies "good cause" for amending its pleadings. ECF No. 73 at 2. However, Heritage provides no analysis as to why its motion satisfies Rule 16. In regards to the motion's substance, Heritage argues that, because its rescission and quiet-title claims only address the reciprocal easement agreement and do not seek a determination of the O'Neils' implied-easement rights, the court's grant of partial summary judgment renders these claims moot. ECF No. 73 at 3–4. Heritage further explains that it seeks to withdraw its remaining claims in order to facilitate an entry of final judgment, which it believes would create finality in its chain of title.

ECF No. 60 at 4. Conversely, the O'Neils argue that Heritage's motion is procedurally defective due to its untimeliness, as well as prejudicial to their interests under the implied easement. They assert that Heritage's concession regarding the nine parking spots guarantees a partially adverse ruling against Heritage and that the forthcoming trial may determine additional property rights (e.g., drainage and access rights) in the O'Neils' favor.[5] ECF No. 71 at 3.

      The court finds that Heritage has failed to demonstrate good cause for amending its complaint. While any motion to amend brought after the court's grant of partial summary judgment would have surpassed the scheduling order deadline, Heritage waited an additional six months before filing this motion. Heritage has not indicated any changed circumstances during the post-order period that led to it seeking leave to amend, but it has instead only argued that the order left its remaining claims moot. Even if true, this status would have existed at the time the court granted partial summary judgment. Heritage's delay therefore demonstrates its lack of diligence and is a sufficient basis for denying its motion. See *Johnson*, 975 F.2d at 609.

      The court also notes that Heritage's withdrawal of its claims at this stage of litigation would potentially prejudice the O'Neils. It is true that Heritage originally crafted its quiet-title claim to address only the express easement created under the reciprocal easement agreement. *See* ECF No. 1-1 at 5–6. However, its claims resulted in the O'Neils' implied-easement counterclaim, to which Heritage partially conceded. Although Heritage argues that it never sought to deprive the O'Neils of the use of nine parking spots on Heritage's lot (*see* ECF No. 73 at 3–4), this case's claims and counterclaims have raised broader property issues that can potentially be resolved in the O'Neils' favor. Moreover, Heritage's partial concession to the O'Neils' implied-easement rights guarantees that there will be some degree of restriction on Heritage's title, an issue that will only fully be determined at trial. Heritage's attempt to withdraw its remaining claims must therefore be denied.

---

[5] The O'Neils also argue that Heritage's proposed amended complaint still pleads unresolved issues. ECF No. 71 at 4. They highlight a portion of the proposed complaint that seeks a declaration "that the Reciprocal Easement Agreement is invalid due to a failure of the meetings of the mind," language that they argue mirrors the rescission claim in Heritage's original complaint. However, Heritage conceded this issue in its reply and submitted a revised amended complaint that removed this language. ECF No. 73 at 3. This issue is therefore moot.

B.  **Motion for entry of final judgment**

Heritage also moves for an entry of final judgment on its claims under FRCP 54(b). ECF No. 63. "When an action presents more than one claim for relief[,]" this rule allows the court to "direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay. Fed. R. Civ. P. 54(b). Judgment under Rule 54(b) is appropriate where there are distinct and severable claims and where immediate review of the adjudicated claims will not result in later duplicative proceedings at the trial or appellate level. *Wood v. GCC Bend, LLC,* 422 F.3d 873, 878–89 (9th Cir. 2005). On the other hand, partial judgment under Rule 54(b) is inappropriate in routine cases where the risk of "multiplying the number of proceedings and of overcrowding the appellate docket" outweighs "pressing needs . . . for an early judgment." *Morrison–Knudsen Co., Inc. v.* Archer, 655 F.2d 962, 695 (9th Cir. 1981). "A similarity of legal or factual issues will weigh heavily against entry of judgment under the rule, and in such cases, a Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust result . . . ." *Id.*

An entry of final judgment is not warranted in this case. Much of the parties' arguments mirror those in the preceding motion for leave to amend. Heritage's present motion is premised on the same assertion that its quiet-claim claim only sought to invalidate the express easement. Heritage argues that, because the court declared this easement void at creation, denying its motion for entry of final judgment would create a harsh and unjust result. ECF No. 74 at 2–3. However, as discussed above, Heritage's claims have implicated broader property issues, and there can be no finality to either party's title until these issues are resolved at trial. While Heritage has partially succeeded on its claims at the summary-judgment stage, there are no factors that justify an early judgment. Accordingly, Heritage's motion for entry of final judgment will be denied.

C.  **Motion for attorney's fees**

Heritage moves for an award of attorney's fees. ECF No. 63. Under Nevada law, "[a]ttorney fees are only available when authorized by rule, statute or contract." *Henry Prods. Inc. v. Tarmu,* 967 P.2d 444, 446 (Nev. 1998). Here, the reciprocal easement agreement between

6

the parties entitles the "prevailing party" of an action arising out of the agreement to recover fees and costs. ECF No. 1-1 at 15–16. Heritage argues that the court's grant of partial summary judgment makes it the prevailing party in this case because Nevada law allows a party to recover attorney's fees, when available, if it "succeeds on any significant issue in litigation [that] achieves some of the benefit it sought in bringing suit." *MB Am., Inc. v. Alaska Pac. Leasing*, 367 P.3d 1286, 1292 (Nev. 2016). To prevail, "a party need not succeed on every issue . . . ." *Id*. Heritage further asserts that, because its primary goal was to have the reciprocal easement agreement declared void and because it has conceded to the O'Neils' right to nine parking spots, Heritage has achieved the benefit it desired when it brought suit.

The court finds that Heritage's motion is premature for two reasons. First, as the O'Neils correctly assert, FRCP 52(d)(2) requires there be an "entry of judgment" before a court may grant attorney's fees. Because the court denied Heritage's motion for entry of final judgment, the court cannot award attorney's fees at this time. Further, it is premature to declare Heritage the prevailing party because, as discussed in the preceding sections, the full extent of the O'Neils' property rights under the implied easement has yet to be determined. Accordingly, Heritage's motion for attorney's fees will be denied without prejudice.

### D.   Motion to certify an issue of law

Finally, Heritage moves for this court to certify the following question of law to the Nevada Supreme Court:

> Is a prevailing party entitled to a contractual award of attorney's fees if the underlying contract at issue in the litigation is held unenforceable by [a court] for whatever reason? Or, does the contractual right to an award of attorney's fees depend upon the void versus voidable nature of the underlying contract?

ECF No. 69 at 17. This issue was first raised in Heritage's motion for attorney's fees, in which Heritage asserted that it could still seek attorney's fees under the reciprocal easement agreement's "prevailing party" provision despite the fact that the court found the easement void at creation. Through their briefings, both parties presented alternate interpretations of the holding in *Mackintosh v. Cal. Fed. Sav. & Loan Ass'n*, 935 P.2d 1154 (Nev. 1997). *See* ECF No. 63 at 6–8; ECF No. 72 at 7–9. However, because this court has denied Heritage's motion for attorney's

7

fees and there has been no determination of whether there has been a prevailing party in this litigation, the court will also deny this motion.

**III.    Conclusion**

IT IS THEREFORE ORDERED that Heritage's Motion for Leave to File an Amended Complaint (ECF No. 60) is DENIED.

IT IS FURTHER ORDERED that Heritage's Motion for Attorney's Fees (ECF No. 63) is DENIED without prejudice.

IT IS FURTHER ORDERED that Heritage's Motion for Entry of Final Judgment (ECF No. 65) is DENIED.

IT IS FURTHER ORDERED that Heritage's Motion for Certification of an Issue of Law (ECF No. 69) is DENIED.

IT IS SO ORDERED.

DATED this 22nd day of August, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE